**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Terry T. Thomas</u>

    v.                                          Civil No. 07-cv-385-JL

<u>Warden, New Hampshire State Prison</u>

### REPORT AND RECOMMENDATION

Before the Court is Terry Thomas' petition for a writ of habeas corpus (document no. 1), filed pursuant to 28 U.S.C. § 2254. The petition is before me for preliminary review to determine, among other things, whether it states a claim upon which relief might be granted. <u>See</u> United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because I find that this Court lacks jurisdiction over this matter, I recommend that Thomas' petition be dismissed.

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR

4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Terry Thomas was arrested on October 29, 1999 and charged with three counts of receiving stolen property. Thomas was detained on bail until March 28, 2000, when he was released on

his own recognizance pending trial.  Thomas was convicted, after a trial, on May 10, 2001.  Upon his conviction, the Court revoked Thomas' bail, and he was immediately incarcerated.  On January 9, 2002, Thomas was sentenced to serve three concurrent terms of 3 ½ – 7 years in prison.  Thomas was released from custody, after serving his maximum sentence, on December 4, 2007.

### Discussion

To petition a federal court for habeas corpus relief from a State court judgment, the applicant must be "in custody in violation of the Constitution or laws or treaties of the United States."  See Garlotte v. Fordice, 515 U.S. 39, 40 (1995) (citing 28 U.S.C. § 2254(a)); Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  The "in custody" requirement is jurisdictional.  See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

The First Circuit has specifically found that custody requires, at least, some type of ongoing or continuing governmental supervision, and that "[h]e who seeks the writ must be incarcerated, or under imminent threat of incarceration, in order to meet the custody requirement of the habeas statute." Tinder v. Paula, 725 F.2d 801, 803-04 (1st Cir. 1984).  Here, although Thomas' petition was filed while he was still in

custody, he is no longer in custody.  Further, because he has already served his maximum sentence, he is not subject to any future threat of incarceration, or any other type of supervisory control by the government, for the challenged convictions.

Accordingly, I find that Thomas has not fulfilled the "in custody" requirement for federal habeas review.  This Court, therefore, lacks jurisdiction to consider Thomas' habeas petition, and I recommend that the petition be dismissed on that basis.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                              _____
                                              James R. Muirhead
                                              United States Magistrate Judge

Date:     March 14, 2008

cc:       Terry T. Thomas, pro se