UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Terry T. Thomas</u>

    v.                               Civil No. 07-cv-385-JL
                                        Opinion No. 2008 DNH 102

<u>New Hampshire State Prison,</u>
<u>Warden</u>

**O R D E R**

Before the court is the Report and Recommendation of the Magistrate Judge (<u>Muirhead</u>, J.), <u>see</u> 28 U.S.C. § 636(b)(1) (2006), LR 4.3(2), 28 U.S.C. § 2254 Rule 4, LR 72.1, concluding that petitioner Terry T. Thomas's petition for a writ of habeas corpus should be dismissed for lack of jurisdiction because he is no longer in custody.  <u>See</u> 28 U.S.C. § 2254(a) (2006).  Thomas objects to the Magistrate Judge's recommendation.  Because the court rules that Thomas has satisfied his burden to show custody for purposes of jurisdiction, the court does not adopt the report and recommendation, and remands the petitioner to the Magistrate Judge for further review.  <u>See</u> LR 4.3, 28 U.S.C. § 2254 Rule 10, 28 U.S.C. § 636(b)(1).

I.  **APPLICABLE LEGAL STANDARD**

Thomas contends that the Magistrate Judge erred in recommending that his petition be dismissed, challenging the conclusion that because Thomas served the maximum prison term for the challenged convictions, he is not "in custody" for purposes of the writ.  See 28 U.S.C. § 2254(a).  The district court is not bound to accept the Magistrate Judge's recommendations on the disposition of a habeas corpus petition.  See Grassia v. Scully, 892 F.2d 16, 18-19 (2d Cir. 1989); 28 U.S.C. §636(b)(1); LR 72.1; see also Matthews v. Weber, 423 U.S. 261, 270-71 (1976) (decided under prior version of the Federal Magistrate Act).  In this context, the district court "may accept, reject, or modify, in whole or in part, . . . the recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1), see United States v. Raddatz, 447 U.S. 667, 676 (1980) (district court has broad discretion to review recommendations of magistrate judge).  Broad discretion is particularly appropriate where, as here, the Magistrate Judge's recommendation is based on conclusions of law. Gioiosa v. United States, 684 F.2d 176, 179 (1st Cir. 1982) (district court free to review legal findings of magistrate judge).

At this preliminary juncture in the proceedings there are no factual disputes, and jurisdiction is a question of law.  This

court, therefore, will accept the petitioner's jurisdictionally sufficient facts as true and view the pleadings in a light most favorable to the petitioner. See <u>Valentin v. Hosp. Bella Vista</u>, 254 F.3d 358, 363 (1st Cir. 2001).

## II.  BACKGROUND

In his pleadings, Thomas asserts the following relevant facts. He was convicted in New Hampshire state court on three counts of receiving stolen property, <u>see</u> N.H. Rev. Stat. Ann. § 637:7 (1986), on May 10, 2001. He was sentenced to three concurrent terms of three and one-half to seven years in prison for each offense and was ordered to pay restitution. He served the maximum sentence for these convictions and was released from the New Hampshire State Prison in December 2007. Thomas currently awaits trial in Massachusetts on burglary charges, <u>see generally</u>, Mass. Gen. Laws ch. 266 (2006), relating to an incident occurring before his incarceration in New Hampshire.

The petitioner, proceeding pro se and in forma pauperis, <u>see</u>, LR 4.3(d)(2), filed a petition for a writ of habeas corpus seeking relief from his New Hampshire convictions. The Magistrate Judge conducted his preliminary review under our Local Rules, <u>see</u> LR 4.3(2), and recommended that the petition be dismissed on the basis that Thomas did not satisfy the "in

custody" requirement of the federal habeas corpus statute. Report and Recommendation at 4; see 28 U.S.C. § 2254(a). Specifically, the Magistrate Judge concluded that although Thomas was incarcerated when his petition was filed, the court lacks jurisdiction because Thomas served his maximum sentence and is no longer in custody. The petitioner filed a timely objection, see United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986), and the matter was submitted to this court for review. See id.

**III. ANALYSIS**

Disposition of this matter requires analysis of two distinct issues: (1) whether this court has jurisdiction over Thomas's habeas petition, and (2) whether his petition is nevertheless moot. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). First, this court must determine whether Thomas was "in custody" pursuant to 28 U.S.C. § 2554(a), thus conferring jurisdiction on this court. See Lefkowitz v. Fair, 816 F.2d 17, 19 (1987). Second, if this court concludes that Thomas was "in custody," then this court must decide whether the petition is now moot because Thomas served the maximum sentence for the challenged convictions. See Spencer, 523 U.S. at 7.

4

**A.   In custody requirement**

The writ of habeas corpus is an extraordinary remedy intended to protect "restraints on individual liberty."  Hensley v. Mun. Court, 411 U.S. 345, 351 (1973); Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984).  Its purpose is to provide for "judicial inquiry . . . into the legality of the detention of a person."  Carafas v. LaVallee, 391 U.S. 234, 238 (1968).  It is not "casually available," Lefkowitz, 816 F.2d at 19, and "its use has been limited to cases of special urgency, leaving more traditional remedies for cases in which the restraints on liberty are neither severe nor immediate."  Tinder, 725 F.2d at 803 (quotations omitted).  As such, this court's remedial habeas corpus powers are accessible only to petitioners who are "in custody" as a result of a state court conviction.  28 U.S.C. § 2554(a); see Maleng v. Cook, 490 U.S. 488, 491 (1989).

The habeas corpus statute grants the district court jurisdiction to "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2554(a) (emphasis added).  The statutory mandate that a petitioner be "in custody" for the sentence or conviction under attack -- clearly evident in the

text of the statute itself -- is grounded in the fundamental purpose of the habeas corpus writ as explained above.  See Carafas, 391 U.S. at 238.

"Custody" under the federal habeas statute is determined at the time the petition is filed.  Maleng, 490 U.S. at 491; Carafas, 391 U.S. at 238; Tinder, 725 F.2d at 80.  The term "custody" requires "restraints not shared by the public generally, . . . there must be some type of continuing governmental supervision over the person."  Tinder, 725 F.2d at 803 (quotations and citations omitted).  Actual incarceration easily meets this test because the petitioner is under the direct supervision of corrections authorities, cf. Lefkowitz, 816 F.2d at 19 (term custody not limited to physical custody only), and incarceration is a restraint not faced by the general public.  See Spencer, 523 U.S. at 7 (petitioner's incarceration at the time petition filed satisfies the statutory "in custody" requirement); Leitao v. Reno, 311 F3d 453, 455 (1st Cir. 2002); Perez v. Greiner, 296 F.3d 123, 125 n.3 (2nd Cir. 2002) ("in custody" requirement satisfied because petitioner incarcerated when petition filed); cf. Carafas 391 U.S. at 226 (petitioner in custody because petition filed before sentence expired); Lefkowitz, 816 F.2d at 19.

Thomas filed his petition while he was serving his sentences for possession of stolen property at the New Hampshire State Prison. His inmate status was certified by the warden. Thus he was "in custody" pursuant to 28 U.S.C. § 2254(a). See, e.g. Spencer, 523 U.S. at 7. Because custody status is determined at the time a petition is filed, Maleng, 490 U.S. at 491; Carafas, 391 U.S. at 238, this court properly has jurisdiction to entertain Thomas's habeas corpus challenge to his New Hampshire convictions. See 28 U.S.C. § 2254(a).

**B.   Mootness**

The issue remains whether Thomas's petition became moot when he finished serving the maximum sentence for his New Hampshire convictions. Article III, § 2 of the Constitution requires that there must be a live "case-or-controversy" to invoke this court's jurisdiction. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings." Spencer, 523 U.S. at 7 (quotations omitted). It mandates that the parties have a continuing personal interest in the outcome, id., and that the court is capable of granting "effectual relief to the potentially prevailing party." Horizon Bank & Trust Co. v. Massachusetts, 391 F.3d 48, 53 (1st Cir. 2004). In essence, the

petitioner must have incurred, or be subject to, a cognizable injury that a court can remedy.  Spencer, 523 U.S. at 7.

When a petitioner is released from detention, the inquiry shifts to whether the petitioner will continue to suffer "collateral consequences" from the challenged conviction.  United States v. Duclos, 382 F.3d 62, 65-66 (1st Cir. 2004); see Horizon Bank, 391 F.3d at 54.  This "collateral consequences" rule recognizes that even after release, a case-or-controversy continues because the petitioner still has a personal stake in the outcome of the petition and is threatened by an actual harm that a court can redress.  See Duclos, 382 F.2d at 65-66; cf. Spencer, 523 U.S. at 7.  Courts must determine, therefore, whether after release a petitioner still suffers "redressable injuries" sufficient to satisfy the Article II case-or-controversy requirement.  Duclos, 382 F.3d at 66.

This determination is straightforward when a petitioner challenges an underlying criminal conviction.  Cf. Spencer, 523 U.S. at 8 (drawing distinction between challenge of parole statute and criminal conviction).  In this instance, courts presume there are sufficient collateral consequences to satisfy the case-or-controversy requirement.  Spencer, 523 U.S. at 12; Sibron v. New York, 392 U.S. 40, 55 (1968); Duclos, 382 F.3d at 66; accord Perez, 296 F.3d at 125; Diaz v. Duckworth, 143 F.3d

345, 346 (7th Cir. 1998). This presumption rests on the notion that "[i]n the context of criminal conviction[s], the presumption of significant collateral consequences is likely to comport with reality. . . . [I]t is an obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." Spencer, 523 U.S. at 12 (quotations omitted). A habeas petition challenging a criminal conviction is rendered moot "only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Sibron, 392 U.S. at 57. For example, the possibility that a prior conviction may be used to either impeach testimony in subsequent proceedings or to enhance his sentence has been found sufficient to avoid a conclusion of mootness. See Evitts v. Lucey, 469 U.S. 387, 392 n.4 (1985); Ginsberg v. New York, 390 U.S. 629, 634 n.2 (1968). Further, petitioners have a continuing personal stake in the outcome of petition when, as here, they are still subject to pay restitution. Cf. United States v. Molak, 276 F.3d 45, 48-49 (1st Cir. 2002) (outstanding restitution order sufficient to establish a continuing case-or-controversy in a direct appeal of sentence).

    Accordingly, because Thomas's petition challenges the legality of his New Hampshire convictions, the district court is to presume the existence of collateral consequences. Duclos, 382

F.3d at 66.  Further, unlike habeas petitions that do not challenge a criminal conviction, Thomas need not show actual collateral consequences.  See Spencer, 523 U.S. at 14 (parole revocation); Duclos, 382 F.3d at 66.  Rather, the petition is not moot if there is a material possibility that Thomas will suffer collateral consequences from his New Hampshire convictions.  Cf. Perez, 296 F.3d at 125-126 (concluding no material possibility where petitioner permanently barred from the United States on a wholly separate ground.)

    The record before the court does not lead it to conclude, to any degree of certainty, that Thomas will not be subject to collateral consequences arising from these convictions.  Thomas alleges in his petition that the New Hampshire convictions will adversely affect the disposition of the Massachusetts charges.  See Evitts, 469 U.S. at 392 n.4.  He further alleges in the objection to the magistrate's recommendation that the New Hampshire convictions may be used to enhance any sentence imposed should he be convicted of the Massachusetts charges.  Id.; see also Ginsburg, 390 U.S. at 634 n.2.  And he alleges in both his petition and objection that he is still subject to restitution obligations imposed pursuant to his New Hampshire convictions.  Cf. Molak, 276 F.2d at 48-49.  Accordingly, this court concludes that Thomas's petition is not moot because there remains a

sufficient material possibility of collateral harm arising from the New Hampshire convictions.[1]

## IV. CONCLUSION

For the foregoing reasons, I do not adopt the Report and Recommendation insofar as it pertains to Thomas's challenge to his underlying conviction. I therefore remand the petition to the Magistrate Judge for further review pursuant to LR 4.3 and 28 U.S.C. § 2254 R.10.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  May 14, 2008

cc: Terry T. Thomas, pro se
    N.H. State Prison, Warden

---

[1] In his petition, Thomas challenges his sentences and asks this court to order his immediate release from prison. Because Thomas has served the maximum sentence and therefore this court is unable to offer relief, such issues are moot. This finding of mootness, as discussed previously, should not be read to apply to any challenge to Thomas's conviction. Cf. Barber v. Moran, 753 F. Supp. 421, 422 (D.R.I. 1991).