**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Terry T. Thomas


      v.                                Civil No. 07-cv-385-JL


Warden, New Hampshire State Prison


<u>**REPORT AND RECOMMENDATION**</u>


     Before the Court is Terry Thomas' petition for a writ of
habeas corpus (document no. 1), filed pursuant to 28 U.S.C. §
2254.  I previously recommended that the petition be dismissed
for lack of jurisdiction (document no. 4).  Thomas objected to my
Report and Recommendation (document no. 5).  Finding that the
objection had merit, the District Judge accepted my
recommendation in part and remanded the matter to me for further
review (document no. 6).[1]  Accordingly, the petition is again
before me and may proceed to preliminary review at this time.
The Court undertakes preliminary review of a habeas petition to
determine, among other things, whether it states a claim upon

---

[1]District Judge Laplante, in his May 14, 2008 Order, found
that Thomas' challenges to his sentence have been rendered moot
by his release from incarceration on December 4, 2007, but that
Thomas' challenges to his conviction are not moot.

which relief might be granted.  <u>See</u> United States District Court

for the District of New Hampshire Local Rule ("LR") 4.3(d)(2);

Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts.[2]

<u>Background</u>

Terry Thomas was arrested on October 29, 1999 and charged

with three counts of receiving stolen property.  Thomas was

detained on bail until March 28, 2000, when he was released on

his own recognizance pending trial.  Thomas was convicted, after

a trial, on May 10, 2001.  Upon his conviction, the Court revoked

Thomas' bail, and he was immediately incarcerated.  On January 9,

2002, Thomas was sentenced to serve three concurrent terms of 3 ½

– 7 years in prison.  Thomas was released from custody, after

serving his maximum sentence, on December 4, 2007.

---

[2]As the standard of review set out in my first Report and
Recommendation has not changed since that recommendation was
issued, I again apply that standard of review to this matter.

<u>The Claims</u>[3]

Thomas asserts the following claims for relief:

1.    Thomas' right to the effective assistance of counsel,
      as guaranteed by the Sixth Amendment to the federal
      constitution, was violated when the trial court
      improperly allowed Thomas to proceed pro se where there
      was no evidence that he understood the relevant law,
      legal procedures, and rules of evidence, or that he
      could provide himself with an effective defense;

2.    Thomas' right to confront the evidence against him, as
      guaranteed by the Sixth and Fourteenth Amendments to
      the federal constitution, was violated when he was not
      permitted to impeach Hudson Police Officer Cassalia at
      trial with information that was "tantamount to felony
      behavior";

3.    Thomas' rights to confront the evidence against him, to
      a fair trial, to due process, to present a defense, and
      to equal protection of the laws, as guaranteed by the
      Fifth, Sixth, and Fourteenth Amendments to the federal
      constitution, were violated when the trial court denied
      Thomas, an indigent criminal defendant, funds to obtain
      access to a transcript of a pretrial hearing that was
      demonstrably necessary to impeach Hudson Police
      Sergeant Alan Semple at trial;

4.    Thomas' right not to be subjected to unlawful seizure
      of his person, as guaranteed by the Fourth and
      Fourteenth Amendments to the federal constitution, was
      violated when Thomas was convicted with the use of
      evidence obtained after an unlawful detention and
      arrest;

---

[3] The claims as identified herein will be considered, for all
purposes, to be the claims raised in the habeas petition filed in
this matter (document no. 1).  If Thomas disagrees with the
claims as identified here, he must do so by properly moving to
amend his petition, or by properly objecting to this Report and
Recommendation.

5.    Thomas' right against self-incrimination, as guaranteed
      by the Fifth and Fourteenth Amendments of the federal
      constitution, was violated when statements obtained
      from Thomas in violation of his constitutional rights
      were used against him at trial;

6.    Thomas' right to the effective assistance of counsel,
      due process, and a fair trial, as guaranteed by the
      Fifth, Sixth and Fourteenth Amendments to the federal
      constitution, were violated when the trial court
      accepted his waiver of his right to counsel as knowing,
      intelligent and voluntary without adequately explaining
      the roles and duties of stand-by counsel;

7.    Thomas' right to due process, as guaranteed by the
      Fifth and Fourteenth Amendments of the federal
      constitution, was violated, when the prosecution
      repeatedly nolle prossed the indictments against him
      and reindicted him, thus leaving him to defend himself
      without a clear idea of the specific criminal acts with
      which he had been charged;

8.    Thomas' rights to due process and a fair trial, as
      guaranteed by the Fifth, Sixth, and Fourteenth
      Amendments to the federal constitution, were violated
      when the trial court denied Thomas the opportunity to
      present an opening statement to the jury;

9.    Thomas' rights to due process, confrontation, and a
      fair trial, as guaranteed by the Fifth, Sixth, and
      Fourteenth Amendments to the federal constitution, were
      violated when the trial court repeatedly and
      inappropriately limited and cut short Thomas'
      questioning of witnesses at a pretrial hearing and at
      trial;

10.   Thomas' rights to due process and a fair trial, as
      guaranteed by the Fifth, Sixth, and Fourteenth
      Amendments to the federal constitution, were violated
      when the trial court prevented Thomas from objecting to
      the prosecutor's improper closing statement;

11. Thomas' rights to a fair trial, due process, and an impartial judge, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the federal constitution, were violated when the judges presiding over pretrial and trial matters in his criminal case exhibited bias against Thomas to the prejudice of his criminal case;

12. Thomas' right to due process, as guaranteed by the Fifth and Fourteenth Amendments to the federal constitution, was violated when the trial court denied Thomas' motion to dismiss filed on February 8, 2000 and amended on March 16, 2000;

13. Thomas' rights to a fair trial, due process, and an impartial jury, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the federal constitution, were violated when the trial court refused to ask voir dire questions of potential jurors regarding the potential of bias resulting from extensive media coverage of the case;

14. Thomas' rights to due process, the effective assistance of counsel, and to petition the government for a redress of grievances, as guaranteed by the First, Fifth, Sixth, and Fourteenth Amendments to the federal constitution, as well as his state constitutional rights, were violated when the New Hampshire Supreme Court refused to allow Thomas to file a pro se supplemental brief in his appeal;

15. Thomas' rights to due process and equal protection of the laws, as guaranteed by the Fifth and Fourteenth Amendments to the federal constitution, were violated when he was denied access to copies of transcripts and audiotapes which were necessary to his ability to demonstrate that the transcripts in his case were inaccurate and that the inaccuracies have prejudiced his rights;

16. Thomas' rights to due process, and an impartial judge, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the federal constitution, were violated

5

when he was sentenced to prison by a judge against whom he had previously filed a Judicial Conduct Complaint, and who imposed an unfair and excessive sentence on Thomas after considering inaccurate information;

17. Thomas' rights to due process and an impartial judge, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the federal constitution, as well as his rights under state law, were violated when he was denied bail pending appeal by a judge against whom he had filed a judicial conduct complaint, and who exhibited bias against him in declining bail pending appeal;

18. Thomas' rights to due process and a fair trial, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the federal constitution, were violated when a newspaper reporter and members of the Hudson Police department published false statements about Thomas and the alleged criminal activities leading to his conviction;

19. Thomas' rights to due process, a fair trial, to present a defense, to equal protection of the laws, and to the effective assistance of counsel, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the federal constitution, were violated when the prosecution withheld from Thomas a written statement from witness Renee Lewis that, if provided to petitioner in discovery, would have revealed exculpatory evidence;

20. Thomas' rights to due process, equal protection of the laws, the effective assistance of counsel, and a fair trial, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the federal constitution, were violated when the prosecution falsely represented that certain inculpatory statements were made by witness Veronica Thomas;

21. Thomas' rights to due process, equal protection, the effective assistance of counsel, and a fair trial, as guaranteed by the Fifth, Sixth, and Fourteenth

Amendments to the federal constitution, were violated when the Hudson Police manufactured "dog tracking" evidence against Thomas and otherwise manipulated and tampered with the evidence in the case;

22. Thomas' right not to be subjected to double jeopardy, as guaranteed by the Fifth and Fourteenth Amendments to the federal constitution, was violated by the dismissal of an empaneled and sworn jury and subsequent convening of a new jury after the trial had been continued;

23. Thomas' right to a speedy trial, as guaranteed by the Sixth and Fourteenth Amendments to the federal constitution was violated when the prosecution, on more than one occasion, reindicted Thomas for the same alleged offense immediately prior to scheduled trial dates, thus forcing a continuance of the trial and prejudice to Thomas resulting from the delay;

24. Thomas' right to the effective assistance of counsel at trial, as guaranteed by the Sixth and Fourteenth Amendments to the federal constitution, was violated when his attorney, Mona Igram:

A. failed to view or inventory the evidence against Thomas,

B. failed to properly and promptly investigate the case,

C. failed to assure the preservation of exculpatory 911 tape evidence,

D. failed to obtain a transcript of the probable cause hearing in the case,

E. failed to properly challenge the sufficiency of evidence in the case,

F. failed to address and litigate the occurrence of police misconduct in the case, including evidence

that the police tampered with and manipulated
evidence,

G.    failed to challenge the legitimacy of dog-track
evidence in the case,

H.    failed to file motions to suppress,

I.    failed to conduct depositions in the case,

J.    failed to assure sequestration of Hudson Police
witnesses during Thomas' probable cause hearing,

K.    failed to adequately prepare for a December 1999
bail hearing,

L.    failed to challenge the indictments against
Thomas, and

M.    failed to properly assist or advise Thomas during
transition of representation to Attorney Paul
Bennett;

25.    Thomas' right to the effective assistance of counsel at
trial, as guaranteed by the Sixth and Fourteenth
Amendments to the federal constitution, was violated
when his attorney, Paul Bennett:

A.    refused to litigate an ineffective assistance of
counsel claim against Attorney Igram,

B.    failed to ascertain or address any prejudicial
impact accruing from Attorney Igram's ineffective
assistance,

C.    failed to properly investigate the case,

D.    failed to adequately challenge and confront the
evidence against Thomas,

E.    failed to inventory the evidence against Thomas,

      F.    failed to challenge the sufficiency of the evidence against Thomas,

      G.    filed a motion seeking a deadline extension against Thomas' wishes and misrepresented Thomas' wishes regarding that motion to the trial court,

      H.    failed to prepare petitioner for, and assist petitioner at, pretrial hearings and at trial,

      I.    failed to provide petitioner with proper and adequate legal counsel,

      J.    failed to secure and subpoena, or advise Thomas as to how to secure and subpoena, necessary defense witnesses for trial, and

      K.    improperly coerced Thomas to agree to a continuance of trial, which allowed the state to obtain new inculpatory evidence to use against Thomas;

26.   Thomas' right to the effective assistance of counsel at trial, as guaranteed by the Sixth and Fourteenth Amendments to the federal constitution, was violated when his attorney, David Bos:

      A.    refused to adequately address and litigate the ineffective assistance provided to Thomas by attorneys Igram and Bennett,

      B.    refused to address and litigate Thomas' double jeopardy claim,

      C.    refused to address and litigate Thomas' speedy trial claim,

      D.    failed to obtain an appraisal of the allegedly stolen property that was the subject matter of the criminal charges,

     E.    failed to obtain a view or conduct an inventory of the allegedly stolen property,

     F.    failed to take necessary depositions of state witnesses,

     G.    failed to conduct any investigation in the case,

     H.    failed to adequately address and challenge the manipulation and falsification of evidence by the Hudson Police, and

     I.    withdrew from Thomas' case and relocated to Washington D.C., to the detriment of the case;

27. Thomas' right to the effective assistance of counsel at trial, as guaranteed by the Sixth and Fourteenth Amendments to the federal constitution, was violated when his attorney, Jane-Holly Weintraub:

     A.    refused to adequately address and litigate the ineffective assistance provided to Thomas by attorneys Igram, Bennett, and Bos,

     B.    refused to address and litigate Thomas' double jeopardy claim,

     C.    refused to address and litigate Thomas' speedy trial claim,

     D.    failed to obtain an appraisal of the allegedly stolen property that was the subject matter of the criminal charges,

     E.    failed to obtain a view or conduct an inventory of the allegedly stolen property,

     F.    failed to adequately address and challenge the manipulation and falsification of evidence by the Hudson Police,

G.  obtained an investigator who conducted an improper, inadequate, and "fraudulent" investigation,

H.  failed to conduct adequate depositions of state witnesses,

I.  failed to insure Thomas' presence at the deposition of witness Robert McIntyre,

J.  failed to address the incomplete state of the transcript of the deposition of McIntyre,

K.  improperly conducted a hearing on Thomas' motion to suppress, in that she:

    i.  refused to subpoena McIntyre to the hearing although he had helpful testimony to provide, and

    ii.  refused to ask specific questions formulated by Thomas, and

L.  in her capacity as stand-by counsel, refused to provide certain court-ordered assistance to petitioner, specifically:

    i.  instruction or advice as to how to address police misconduct,

    ii.  instruction or advice as to how to address the ineffective assistance of previous defense counsel,

    iii.  instruction or advice as to how to interlocutorily appeal the stand-by counsel order that required Thomas to proceed to trial with stand-by counsel with an actual conflict of interest,

    iv.  improperly counseled Thomas on witness presentation, and

v.   failed to instruct or advise Thomas as to how to properly impeach testimony presented by the prosecution;

28.  Thomas' rights to a speedy trial, a fair trial, protection from double jeopardy, due process, and equal protection of the laws, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the federal constitution, were violated when the prosecutor in Thomas' criminal case:

A.   failed to prevent the police from manipulating and tampering with evidence,

B.   knowingly employed false "dog tracking" evidence to establish probable cause to arrest, detain, and prosecute Thomas,

C.   suborned and used perjured testimony by McIntyre,

D.   conspired with Attorney Bennett and the trial court to coercively use the promise of bail reduction to:

i.   deprive petitioner of his right to a speedy trial,

ii.  introduce perjured testimony by McIntyre, and

iii. subject Thomas to double jeopardy,

E.   improperly accused Thomas of a crime he was not charged with in closing argument, and

F.   knowingly withheld exculpatory evidence from Thomas;

29.  Thomas' rights to the effective assistance of counsel, due process, and equal protection of the laws, as guaranteed by the Fifth, Sixth, and Fourteenth

Amendments, were violated when his post-conviction attorney, Mark Rumley:[4]

A.   refused to obtain or review any pretrial hearing transcripts prior to preparing Thomas' notice of appeal, thereby causing the appeal to be delayed,

B.   refused to compare audio tapes of the trial to the trial transcripts, despite being advised that there were inaccuracies in the transcripts,

C.   failed to object to the trial court's order that Thomas pay restitution for crimes he was not convicted of committing,

D.   failed to address the sentencing court's consideration of criminal offenses Thomas was not convicted of committing,

E.   failed to obtain a timely sentence review for Thomas,

---

[4]In his petition, Thomas refers to Rumley as his "post-conviction" attorney.  While this is technically true, it appears that Rumley represented Thomas at sentencing and at the time the notice of appeal in Thomas' direct appeal was filed. Accordingly, I will consider Rumley to be one of Thomas' trial attorneys, as both sentencing and the filing of a notice of appeal are functions performed by trial counsel. If Rumley was truly post-conviction counsel, assisting Thomas in a collateral attack on his conviction, no habeas claim would arise from his allegedly ineffective representation of Thomas, as there is no constitutional right to have an attorney in such state post-conviction proceedings.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991).  Where there is no constitutional right to the effective assistance of counsel, there is no constitutional violation, and therefore no habeas claim, for the deprivation of the effective assistance of counsel.  See id. (citing Wainwright v. Torna, 455 U.S. 586, 587 (1982)).

F.   failed to consult with Thomas, who proceeded pro
     se at trial, prior to preparing the notice of
     appeal in the case,

G.   failed to prepare an adequate notice of appeal for
     submission to the New Hampshire Supreme Court,

H.   failed to address or litigate the ineffective
     assistance of counsel that had been provided by to
     Thomas by attorneys Igram, Bennett, Bos, and
     Weintraub,

I.   failed to seek recusal of the trial judge even
     though Thomas had filed a then-pending complaint
     against the judge with the Judicial Conduct
     Committee,

J.   failed to object to the use by the sentencing
     court of an inaccurate presentence investigation
     report,

K.   failed to object to the sentencing court exceeding
     the recommendation of the prosecution in imposing
     sentence, and

L.   failed to seek bail pending appeal on Thomas'
     behalf;

30.  Thomas' rights to the effective assistance of appellate
     counsel, due process, and equal protection of the laws,
     as guaranteed by the Fifth, Sixth, and Fourteenth
     Amendments, were violated when his appellate attorney,
     David Rothstein:

A.   acted as appellate counsel on behalf of Thomas
     despite the existence of an actual conflict of
     interest in the representation,

B.   refused to compare the pretrial and trial
     audiotape records with the prepared transcripts
     despite being apprised of material inaccuracies in
     the transcripts,

14

C.  refused to refile any of the pro se pleadings in
    the New Hampshire Supreme Court that that court
    declined to accept when they were filed by Thomas
    acting pro se,

D.  refused to ascertain, address, or litigate
    ineffective assistance of counsel claims regarding
    the representation Thomas received from Attorneys
    Igram, Bennett, Bos, Weintraub, or Rumley,

E.  refused to appeal the Superior Court's denial of
    Thomas' motion for bail pending appeal,

F.  refused to challenge the accuracy of the pretrial
    and trial transcripts despite Thomas' assertion
    that the transcripts were significantly flawed and
    incomplete,

G.  refused to obtain all of the transcripts necessary
    to preparing a thorough and adequate appeal of
    Thomas' conviction and sentence,

H.  refused to file a motion to withdraw from Thomas'
    case after Thomas requested that he do so,

I.  submitted an appeal prior to obtaining necessary
    transcripts of:

    i.   the March 27, 2001 jury selection during
         which Thomas alleges he was coerced to agree
         to consolidate indictments, continue trial,
         dismiss the jury that had been empaneled and
         sworn, and released on personal recognizance
         bail,

    ii.  the March 28, 2000 hearing during which
         Thomas' trial was continued in violation of
         his right to a speedy trial,

    iii. the April 19, 2001 final pretrial conference
         where material matters were argued and
         decided,

15

      iv.  the May 7, 2001 jury selection during which petitioner argued that he was deprived of his Sixth Amendment right to a fair and impartial jury, as well as to fair jury selection procedures, and

      v.  the January 9, 2002 sentencing hearing wherein Thomas was sentenced to an incarcerative period exceeding the prosecution's recommendation after the sentencing court considered a flawed presentence investigation report, and was sentenced to pay restitution for a crime he did not commit,

J.  filed an inadequate, inaccurate and unauthorized appellate brief that did not include a number of appellate issues in the case, against petitioner's stated wishes,

K.  refused to file a motion to reconsider the New Hampshire Supreme Court's decisions denying Thomas:

      i.  relief on direct appeal,

      ii.  permission to proceed pro se on appeal, and

      iii.  permission to file supplemental pro se pleadings in his appeal in the New Hampshire Supreme Court;

31.  Thomas' rights to due process, confrontation, a fair trial, the effective assistance of counsel, and equal protection of the laws, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the federal constitution, were violated when the trial court:

A.  improperly appointed Attorney Bennett as stand-by counsel when Thomas had been granted court-appointed co-counsel,

16

B.  failed to provide clear orders regarding the
    duties of stand-by counsel, thereby depriving
    petitioner of the right to a fair trial,

C.  failed to assure that Thomas' right to the
    effective assistance of appointed counsel was
    knowingly, intelligently, and voluntarily waived,

D.  refused to allow petitioner to subpoena Attorney
    Bennett as an impeachment and fact witness at
    trial,

E.  refused to allow petitioner to subpoena Attorney
    Bennett's assistant, Becky, as a fact witness at
    trial,

F.  refused to allow petitioner to subpoena Attorney
    Weintraub as both a fact and impeachment witness
    at trial,

G.  refused to allow petitioner to recall Hudson
    Police Sergeant Alan Semple as a witness to
    introduce impeachment evidence at trial,

H.  refused to hold a hearing on the admissibility of
    testimony by witness McIntyre,

I.  refused to hold a hearing in regard to Thomas'
    allegations that the prosecutor suborned perjury
    by proffering the testimony of witness McIntyre at
    trial;

J.  refused to grant petitioner access to a certified
    appraiser to assess the appraised value of the
    allegedly stolen items in question at trial,
    despite a previous order granting petitioner such
    access, and the necessity of the evidence to
    support petitioner's defense at trial,

K.  denied Thomas a mistrial after the jury was
    allowed to overhear objections heard at sidebar
    regarding inadmissible evidence,

L.   effectively denied Thomas the ability to object at trial by refusing to allow Thomas to argue objections outside the hearing of the jury,

M.   refused to entertain Thomas' motions in limine filed the day of trial, resulting in arguments that included discussions of uncharged criminal offenses having to be made in front of the jury,

N.   allowed matters to be heard by several different judges, contrary to standing orders assigning the matter to a single judge,

O.   allowed Attorney Weintraub to act as stand-by counsel for Thomas during trial, despite the existence of an actual conflict of interest in the representation,

P.   sentenced Thomas to pay restitution for crimes that he was not convicted of committing, and

Q.   sentenced Thomas after consideration of offenses he was not convicted of committing;

32.   Members of the Hudson Police Department, judges of the State Superior and Supreme Courts, appointed defense attorneys, and the prosecution conspired to violate petitioner's rights to due process, equal protection, the effective assistance of counsel, a fair trial by an impartial jury, a speedy trial, and the opportunity to present a defense, in violation of the Fifth, Sixth, and Fourteenth Amendments to the federal constitution;

33.   Thomas' rights to a fair trial, due process, the effective assistance of counsel, not to be subjected to double jeopardy, and to a speedy trial, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the federal constitution were violated when Thomas' <u>Motion for Judgment of Acquittal or, Pursuant to RSA 526:2 et seq., a New Trial</u> was denied by the trial court without a hearing; and

34. Thomas' rights to due process and a fair trial, as
    guaranteed by the Fifth, Sixth, and Fourteenth
    Amendments to the federal constitution, have been
    violated by the actions of New Hampshire Superior Court
    and New Hampshire Supreme Court judges conspiring to
    deny and/or delay meaningful review of matters related
    to Thomas' convictions;

<u>Discussion</u>

I.   <u>In Custody Requirement</u>

To petition a federal court for habeas corpus relief from a

state court judgment, the applicant must be "in custody in

violation of the Constitution or laws or treaties of the United

States." <u>See</u> <u>Garlotte v. Fordice</u>, 515 U.S. 39, 40 (1995) (citing

28 U.S.C. § 2254(a)); <u>Maleng v. Cook</u>, 490 U.S. 488, 490–91

(1989).  As fully discussed in the Order issued by District Judge

Laplante on May 14, 2008, Thomas has satisfied the statutory "in

custody" requirement to allow this matter to proceed.

II.  <u>Exhaustion Requirement</u>

To be eligible for habeas relief, Thomas must show that he

has exhausted all of his state court remedies, or that he is

excused from exhausting those remedies because of an absence of

available or effective state corrective processes.  <u>See</u> 28 U.S.C.

§ 2254(a) & (b); <u>see also</u> <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261

(1st Cir. 1997) (citing authority to explain the exhaustion

principle).  A petitioner's remedies in New Hampshire are exhausted when the state's highest court has had an opportunity to rule on the petitioner's claims.  See <u>Lanigan v. Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); <u>see</u> <u>also</u> <u>Picard v.</u> <u>Connor</u>, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed constitutional error).  "In order to . . . present the federal claim fairly and recognizably to the state courts, . . . he must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  <u>Clements v. Maloney</u>, 485 F.3d 158, 162 (1st Cir. 2007) (internal citations omitted)); <u>Josselyn v. Dennehy</u>, 475 F.3d 1, 3 (1st Cir. 2007) (quoting <u>Casella v. Clemons</u>, 207 F.3d 18, 20 (1st Cir. 2007)).  A petitioner may fairly present a claim by: (1) citing a provision of the federal constitution, (2) presenting a federal constitutional claim in a manner that fairly alerts the state

20

court to the federal nature of the claim, (3) citing federal
constitutional precedents, (4) claiming violation of a right
specifically protected in the federal constitution, or, in some
circumstances, (5) citing to state court decisions that rely on
federal law or articulation of a state claim that is
indistinguishable from one arising under federal law.  Clements,
485 F.3d at 162 (citing Gagne v. Fair, 835 F.2d 6, 7 (1st Cir.
1987) and Nadworny v. Fair, 872 F.2d 1093, 1099–1100 (1st Cir.
1989)); cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)
(finding that simply reciting facts underlying a state claim,
where those facts might support either a state or federal claim,
without more, is inadequate to constitute fair presentation to
the state court of a federal claim).

        "[T]he exhaustion principle holds, in general, that a
federal court will not entertain an application for habeas relief
unless the petitioner first has fully exhausted his state
remedies in respect to each and every claim contained within the
application."  Adelson, 131 F.3d at 261 (emphasis added).
Thomas' petition, in referencing notices of appeal filed in the
New Hampshire Supreme Court ("NHSC") as the source of his claims,
plainly indicates that he has already raised the instant claims,

including the federal nature of those claims, in the NHSC.
Specifically the claims have been exhausted as follows: the
claims numbered 1-16 above were presented to the NHSC in Thomas'
Pro Se Appellate Brief filed on January 20, 2003; claim 17 was
presented to the NHSC in Thomas' Pro Se Notice of Appeal
regarding bail pending appeal on August 23, 2002; claims 18-32
were presented to the NHSC in the Petition for a Writ of Habeas
Corpus filed on December 6, 2004; and claims 33 and 34 were
presented to the NHSC in the Notice of Appeal filed on March 17,
2005.  Accordingly, I find that Thomas has sufficiently alleged
exhaustion of his habeas claims to allow his cognizable habeas
claims to proceed.  In an Order issued simultaneously with this
Report and Recommendation, I will direct that the cognizable
claims raised in the petition be served upon and answered by
Respondent.

III. Claims Not Cognizable in a Federal Habeas Petition

    A.   Fourth Amendment Claim

In Claim #4, as enumerated in this Report and
Recommendation, Thomas asserts a federal habeas claim based on an
alleged violation of his Fourth Amendment right not to be
subjected to an unreasonable seizure of his person.  Where state

courts have provided an opportunity to a federal habeas petitioner for full and fair litigation of a Fourth Amendment claim, the petitioner cannot obtain habeas corpus relief on the grounds that evidence obtained as a result of an unconstitutional search or seizure was introduced at his trial.  See Stone v. Powell, 428 U.S. 465, 482 (1976); Sanna v. Dipaolo, 265 F.3d 1, 8 (1st Cir. 2001) ("a federal habeas court ordinarily cannot revisit a state court's disposition of a prisoner's Fourth Amendment claims.").  Thomas alleges, in claim #4, that his Fourth Amendment rights were violated when his statements, obtained after an allegedly unconstitutional arrest, were used to secure his conviction at trial.  Nothing in Thomas' petition indicates that he was denied a full and fair opportunity to litigate his Fourth Amendment issues in the state courts.  To the contrary, he did litigate the Fourth Amendment arrest issue in the state Superior and Supreme Courts.  Accordingly, I find that Thomas' Fourth Amendment claim, identified as claim #4 in this Report and Recommendation, is not cognizable in a federal habeas action, and I recommend that it be dismissed.

B.   <u>Claims Challenging Bail</u>

    1.   <u>Bail Pending Appeal</u>

Thomas raises several claims in his habeas action arising
from the fact that he was denied bail pending appeal.  In claims
17, 29(L), and 30(E), Thomas claims that his federal
constitutional rights were violated by the failure of the
Superior Court to grant him bail pending appeal, the failure of
Attorney Rumley to seek bail pending appeal on Thomas' behalf,
and the failure of Attorney Rothstein to appeal the Superior
Court's denial of bail pending appeal.

There is no federal constitutional right to bail pending
appeal.  See <u>Garson v. Perlman</u>, 541 F. Supp. 2d 515, 526-27
(E.D.N.Y. 2008) (finding that the Eighth Amendment protection
from excessive bail has not yet been held by the Supreme Court to
be applicable to the states through the Fourteenth Amendment, and
that the Supreme Court has never found that the right to bail, to
the extent it exists under the Eighth Amendment, applies to the
right to bail pending appeal).  To the extent that Thomas'
argument that he is entitled to bail pending appeal depends on
state statutory law, such a claim is not cognizable in a federal
habeas action.  See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68

(1991); Garson, 541 F. Supp. 2d at 529.  Accordingly, I recommend
that Thomas' claims arising out of challenges to the denial of
bail pending appeal be dismissed from this action.

        2.   Pretrial Detention

    In claim 24(K), as identified above, Thomas claims that his
federal constitutional rights were violated by the failure of
Attorney Igram to adequately prepare for and conduct a pretrial
bail hearing.  At that hearing, Thomas' bail was set at a level
that he claims is excessive, in that it was beyond his financial
reach, resulting in his pretrial detention.

    A federal court may consider a habeas petition filed by a
state prisoner only "on the ground that he is in custody in
violation of the Constitution or laws or treaties of the united
States." 28 U.S.C. § 2254(a).  While a constitutional claim may
exist where a state sets excessive pretrial bail, "it has not
been held that this ground is a constitutional basis for
invalidation of a conviction."  White v. Wilson, 399 F.2d 596,
598 (9th Cir. 1968).  Here, Thomas has not demonstrated or
explained how Attorney Igram's failure to adequately litigate
Thomas' pretrial bail status affected the constitutionality of
his conviction.  I recommend, therefore, that claim 24(K) be

dismissed as it fails to raise the required constitutional challenge to Thomas' conviction.  See 28 U.S.C. § 2254(a); Estelle, 502 U.S. 62, 67 (1991).

    C.   Claims Based on Violations of State Law

"[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Pulley v. Harris, 465 U.S. 37, 41 (1984).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle, 502 U.S. at 67-68; see 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975)(per curiam)).  In claims 14 and 17, Thomas relies on an assertion of his rights under state law to obtain federal habeas relief, and I recommend that those, to the extent that they rely on state law as a basis for federal habeas relief, be dismissed.

    D.   Moot Claims

District Judge Laplante's May 14, 2008 Order makes it clear that the claims challenging the incarcerative portion of Thomas' sentence have been mooted by his release from the maximum term of

26

his sentence on December 4, 2007.  I therefore recommend the dismissal of claims 16, 29(D), (E), (J) and (K), 30(G) and (I)(v), and 31(O), as moot, to the extent that they constitute challenges to the incarcerative portion of Thomas' sentence.

## Conclusion

For the reasons stated herein, I recommend dismissal of the above-numbered claims 4, 17, 24(K), 29(L), 30(E), and 14, to the extent it relies on state law grounds, and 16, 29(J) and (K), 30(G) and (I)(v), and 31(O), to the extent they raise challenges to Thomas' incarcerative sentence, from this petition.  In an Order issued simultaneously with this Report and Recommendation, I will direct that the remaining claims be served upon and answered by Respondent.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of</u>

Law Comm. v. Gordon, 979 F.2d 11, 13–14 (1st Cir. 1992);

United States v. Valencia–Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date:     August 27, 2008

cc:       Terry T. Thomas, pro se