UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Terry T. Thomas

       v.　　　　　　　　　　　　　　　　　Civ. No. 07-cv-385-JL

NH State Prison, Warden

O R D E R

Judge Muirhead identified 136 federal constitutional claims in Thomas' petition (34 numbered claims, some with numerous lettered sub-parts), including, <u>inter</u> <u>alia</u>, ineffective assistance claims against four separate defense lawyers who represented him, prosecutorial misconduct, and judicial misconduct against every superior court judge who presided over any part of his case.  The judge further recommended dismissal of 12 claims (##4, 16, 24(L), 29 (D, E, J, K, H), 30 (E, G, and I(v)), and 31) and two additional claims to the extent they were based on the state constitution (14 and 17) (<u>see</u> document no. 7).  The remaining claims were ordered served on the Warden (document no. 8).

The Attorney General moved for summary judgment on all claims, dutifully briefing most of them (document no. 23 and exhibits).  The petitioner's objection contained briefing on most, but not all of the issues.

It strains credulity to suggest that the criminal proceedings against the petitioner resulted in over 120 violations of his constitutional rights.  Many of the claims are clearly meritless when subjected to even the most superficial scrutiny.  The court declines to undertake a separate constitutional analysis of the myriad claims without taking some measure to narrow its review to

claims supported by good faith arguments advanced by a knowledgable, experienced practitioner, better versed than the petitioner in constitutional criminal procedure.

Under 18 U.S.C. § 3006A(a)(2)(B), the court may appoint counsel to represent a "financially eligible person" in a habeas corpus case brought pursuant to 28 U.S.C. § 2254 when it "determines that the interests of justice so require." Based on the financial affidavit dated November 29, 2007, and given the breadth of the issues presented in this case, the court finds that the petitioner is a "financially eligible person" and that the interests of justice require the appointment of counsel to represent him under the Criminal Justice Act. Therefore, the clerk is directed to appoint counsel to represent the petitioner in this matter.

The court will suspend review of the pending summary judgment motion to allow appointed counsel the opportunity to review the case file, meet with the petitioner, and file a notice with the court delineating which claims he intends to pursue, and which he waives. The notice shall be due 45 days from the date of this order. After the notice is filed, counsel may file a supplemental memorandum in objection to the summary judgment motion addressing those claims he has elected to pursue. Both the notice and the memorandum shall reflect counsel's considered professional judgment, subject to Rule 11.

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated: December 15, 2009

cc:   Terry T. Thomas, pro se
      Elizabeth C. Woodcock, Esq.